IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS F. ARMOUR,<br>**Individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**TRANSAMERICA LIFE INSURANCE COMPANY, formerly known as PFL Life Insurance Company,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)  **CIVIL ACTION**<br>)<br>)  **No. 11-2034-KHV**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion To File Opposition To Defendant's Motion To Dismiss Out Of Time On The Basis Of Excusable Neglect (Doc. #25) filed July 12, 2011.

On June 15, 2011, defendant filed its Motion To Dismiss Plaintiff's Class Action Petition (Doc. #23). Under D. Kan. Rule 6.1(d)(2), plaintiff's response was due within 21 days, on July 6, 2011. Without consulting the Court's local rules, plaintiff's counsel assumed he had 30 days to file a response. Plaintiff's counsel discovered his erroneous assumption on July 12, 2011, when he called defense counsel to request consent for a two-week extension of time. At that time, defense counsel informed plaintiff's counsel that plaintiff had already missed the deadline for filing a responsive pleading.

On July 12, 2011, plaintiff filed a motion requesting leave to file his brief in opposition to defendant's motion to dismiss out of time on the basis of excusable neglect. He also asked the Court to extend his response deadline to July 26, 2011. Under D. Kan. Rule 6.1(d)(1), defendant's response to plaintiff's motion was due within 14 days, on July 26, 2011. Defendant has not filed a response; the Court will therefore treat the motion as uncontested. D. Kan. Rule 7.4(b).

D. Kan. Rule 7.4(b) provides that "[a]bsent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.2(d) waives the right to later file such brief or memorandum." In addition, D. Kan. Rule 6.1(a) provides that absent a showing of excusable neglect, the Court will not grant extensions of time which a party requests after the specified time has expired.

Excusable neglect is a "somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 392 (1993). On the other hand, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Id. In applying the excusable neglect standard, courts consider all relevant circumstances, including (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. Id. at 395.

That plaintiff's counsel assumed he had 30 days to file a response, without consulting the local rules, certainly constitutes neglect. Nevertheless, inadvertent delays in filing can be excusable, particularly where the delay is relatively short, it would not prejudice defendant and where plaintiff acted in good faith. See Pioneer Inv. Servs., 507 U.S. at 392, 395; Griffin v. Suthers, 156 Fed. Appx. 66, 72 (10th Cir. 2006). Here, the delay was relatively short – 20 days – and will not prejudice defendant. Although plaintiff's counsel was careless in ascertaining his deadlines, it appears that he has acted in good faith. Therefore, the Court will sustain plaintiff's motion this one time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To File Opposition To Defendant's Motion To Dismiss Out Of Time On The Basis Of Excusable Neglect (Doc. #25) filed July 12, 2011 be

and hereby is **SUSTAINED**. Plaintiff's response deadline is hereby extended from July 12, 2011 to July 26, 2011. Because plaintiff filed his response to defendant's motion to dismiss on July 26, 2011 the Court will consider it timely filed. Defendant's reply is due within 14 days of the date of this order.

Dated this 3rd day of August, 2011 at Kansas City, Kansas.

                                       s/ Kathryn H. Vratil
                                       KATHRYN H. VRATIL
                                       United States District Judge